**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WENDY G. JONES, | No. 18-35785 |
| Plaintiff-Appellant, | D.C. No. 3:17-cv-05682-JPD |
| v. | |
| ANDREW M. SAUL, Commissioner of Social Security | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
James P. Donohue, Magistrate Judge, Presiding

Submitted October 24, 2019[**]
Seattle, Washington

Before: CLIFTON and IKUTA, Circuit Judges, and RAKOFF,[***] District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Jed S. Rakoff, District Judge for the Southern District of New York, sitting by designation.

Wendy Jones appeals an order of the district court affirming the Commissioner's determination that she was disabled only from August 1, 2016 onward, and not during the period from June 30, 2012 through July 31, 2016. We have jurisdiction under 28 U.S.C. § 1291. Having reviewed the decision of the administrative law judge (ALJ) *de novo*, *Valentine v. Comm'r*, 574 F.3d 685, 690 (9th Cir. 2009), we find the ALJ's opinion to be supported by substantial evidence and free of legal error. 42 U.S.C. § 405(g). We therefore affirm.

First, we reject Jones's contention that the ALJ improperly evaluated the medical evidence in the record. "[T]he ALJ is the final arbiter with respect to resolving ambiguities in the medical evidence," *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008), and the ALJ's interpretation of Dr. Siler's responses to the January 2017 questionnaire was rational. Although the questionnaire is ambiguous on its face as to whether it refers to Jones's contemporaneous condition or her condition during the entire period from 2012 onwards, the ALJ reasonably inferred the former from the facts that (1) the questions in the form are written in present tense, and (2) Dr. Siler's answers refer to Jones's shoulder pain, which he only learned about in February 2016. Jones has, at best, advanced another plausible interpretation of the questionnaire, but "[w]here evidence is susceptible to more

than one rational interpretation, it is the ALJ's conclusion that must be upheld." *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

Accordingly, the ALJ adequately balanced Dr. Siler's and Dr. Bernardez-Fu's opinions. Although an ALJ must generally give less weight to the opinion of a non-examining physician than that of a treating physician, 20 C.F.R. § 404.1527(c); *Ghanim v. Colvin*, 763 F.3d 1154, 1160 (9th Cir. 2014), the ALJ here did *not* place less weight on Dr. Siler's opinion. Rather, the ALJ rationally interpreted these opinions to be referring to Jones's condition at different times. It was therefore also appropriate for the ALJ to give significant weight to Dr. Bernardez-Fu's opinion even though he considered the medical record only up to February 2016. Moreover, for reasons discussed below, Dr. Bernardez-Fu appropriately discounted portions of Jones's testimony that he did not find credible.[1]

We also hold that substantial evidence supports the ALJ's determination that Jones's testimony about the severity of her symptoms was not fully credible. The medical record is replete with evidence that Jones was adequately managing her symptoms with medication, and the ALJ reasonably construed this evidence to

---

[1] Jones's argument that Dr. Bernardez-Fu inappropriately relied on Acquiescence Ruling AR 97-4(9) was not raised in her opening brief and is therefore waived. *Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).

reflect negatively on Jones's credibility. The ALJ's adverse credibility determination was also reasonable in light of Jones's inconsistent testimony about why she left her job in 2012. These are "specific, clear and convincing reasons" for rejecting Jones's testimony. *Garrison v. Colvin*, 759 F.3d 995, 1014-15 (9th Cir. 2014) (quoting *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996)).

Appellant's arguments that the ALJ improperly determined her residual functional capacity and that the finding at Step Four of the disability determination relied on an erroneous residual functional capacity fail because they are derivatives of the arguments addressed above. We have also considered the appellant's other arguments and find them to lack merit.

**AFFIRMED.**